## HERETER v. EL REGISTRADOR DE LA PROPIEDAD.

## RECURSO gubernativo contra nota del Registrador de la Propiedad de Caguas.

### No. 125.—Resuelto en octubre 11, 1912.

CANCELACIÓN DE HIPOTECAS—CONSENTIMIENTO PRESUNTO PARA LA CANCELA-
CIÓN.—Los preceptos del artículo 82 de la Ley Hipotecaria si bien exigen
para que pueda cancelarse una inscripción o anotación preventiva por virtud
de escritura, que conste el consentimiento para la cancelación de la persona
a cuyo favor se hubiere hecho la inscripción o anotación, dicho artículo no
exige que ese consentimiento haya de constar expresamente en el documento o
en una forma determinada, siendo suficiente el consentimiento presunto si
puede deducirse de las palabras del documento de manera que no haya lugar
a duda de que el consentimiento se prestó.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Rafael Arce.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del
tribunal.

Habiendo presentado Don Pablo J. Hereter Acosta al
Registrador de la Propiedad de Caguas una escritura de can-
celación parcial de hipoteca, otorgada por Don Pedro Orcasi-
tas Muñoz como apoderado de Doña Mercedes Muñoz Barrios,
dicho funcionario negó la inscripción de la cancelación a que
el documento se refiere, por el defecto de que el apoderado
de la acreedora no consiente expresamente en que se cancele
la inscripción de la hipoteca en el registro de la propiedad.

Contra esa negativa a inscribir la cancelación, se ha inter-
puesto en tiempo oportuno el presente recurso gubernativo.

En el cuerpo de dicho documento público hace constar el
apoderado Sr. Orcasitas, que por haber sido pagado el capital
e intereses de las hipotecas a que hace referencia, carece de
objeto el gravamen hipotecario impuesto exclusivamente
para asegurar el pago de la cantidad prestada, por cuyas
circunstancias, y para que las tres fincas que reseña
queden libres del gravamen impuesto, cancela la hipoteca
para que las fincas queden libres de ella, y formaliza además
cumplida y perfecta carta de pago.

Es cierto que el artículo 82 de la Ley Hipotecaria en que el registrador basa su negativa de inscripción de cancelación de hipoteca, exige que, cuando la cancelación de una inscripción o anotación preventiva haya de verificarse por virtud de escritura o documento auténtico, deberá expresarse en éstos el consentimiento para la cancelación de la persona a cuyo favor se hubiere hecho la inscripción o anotación, o el de su causahabiente o representante; pero no exige dicho precepto que ese consentimiento haya de constar expresamente en el documento o en una forma determinada.   Así pues, si de los términos en que está redactado el documento puede llegarse a la conclusión de que el consentimiento fué dado de un modo indudable, entonces será suficiente para la cancelación en el registro, aunque no se diga que consiente en que se haga tal cancelación.   No es necesario que se consigne expresamente el consentimiento, y basta el consentimiento presunto si puede deducirse de las palabras del documento de manera que no le deje lugar a duda de que se prestó.

Las palabras del documento objeto de este recurso son bastante explícitas para que sin género alguno de duda podamos llegar a la conclusión de que el apoderado de la acreedora consintió en la cancelación, ya que declara recibido el capital e intereses del préstamo, reconoce que después del pago carece de objeto el gravamen hipotecario, que las fincas deben quedar libres de ese gravamen, da carta de pago a su deudor, y expresamente otorga que cancela la hipoteca que en garantía del préstamo se había constituído.

Un caso análogo fué resuelto en 8 de octubre de 1886 por la dirección de los registros de la propiedad y del notariado; y otro resuelto también por dicho centro en 10 de diciembre de 1889, ordenando asimismo la inscripción de la cancelación, a pesar de no ser tan explícito como el del presente caso.

Por las razones expuestas la nota denegatoria recurrida, debe revocarse y ordenarse la inscripción solicitada por el recurrente.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.