JOSÉ LUIS RODRÍGUEZ Y RODRÍGUEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

Núm. 1124.—*Sometido:* Julio 10, 1943. *Resuelto:* Julio 21, 1943.

*H. Torres Solá,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

La dueña de una finca urbana otorgó una hipoteca sobre la misma a favor de Adolfo Rauschenplat y su esposa para garantizar un préstamo de $1,500. Al morir Rauschenplat, este crédito hipotecario, que estaba reducido a $1,200, fué adjudicado mediante partición de bienes que fué inscrita en el registro como sigue:

"Los esposos Adolfo Rauschenplat y Olimpia Gutiérrez del Arroyo son dueños del crédito hipotecario sobre esta finca por mil quinientos dollars que refiere la inscripción tercera, *que según el documento presentado está reducido a mil doscientos dollars* y habiendo fallecido el señor Rauschenplat su viuda y herederos han procedido a la partición de los bienes que dejara, *adjudicando dicho crédito hipotecario en parcial pago de su haber a la heredera* Octavia Rauschenplat, vecina de Toa Baja, quien lo inscribe así reducido, según escritura de partición. . ." (Bastardillas nuestras.)

Posteriormente Octavia Rauschenplat traspasó a Bárbara Fernández el referido crédito hipotecario mediante escritura pública que fué inscrita en el registro en la siguiente manera:

"Octavia Rauschenplat es dueña de un crédito hipotecario por mil quinientos dollars de capital que refieren las inscripciones tercera y sexta, adquirido por herencia, y Jorge Nevares López, como apoderado de su esposa Octavia Rauschenplat, cede el expresado crédito hipotecario, *que está reducido según expresa a la suma de mil doscientos dollars* a favor de Bárbara Fernández Látimer viuda de Echevarría, . . ." (Bastardillas nuestras.)

En el año 1942 Bárbara Fernández otorgó una escritura de cancelación por $1,200 como pago total y definitivo del referido crédito. Después de inscribir la indicada escritura de cancelación, el registrador añadió la siguiente nota:

"Hecha la cancelación con vista de otro documento, al folio 221 tomo 157 S. Norte, finca 6866, inscripción 7ª. por nota. San Juan, Abril 21, 1943.—(Fdo.) A. Malaret.—Registrador.—Drchos. $4.00 No. 3 Arl. C. P.—Se hace constar que la hipoteca ha quedado vigente en el Registro en cuanto a $300 que no fueron cedidos a Bárbara Fernández."

Se interpuso el presente recurso gubernativo para revisar la negativa del registrador a cancelar totalmente el crédito hipotecario de $1,500.

Alega el registrador que ningún documento presentádole demuestra lo que ocurrió en relación con los $300 del crédito original de $1,500, que ningún documento demuestra que dicha

cantidad ha sido pagada al acreedor original, Adolfo Rauschenplat, y que esta porción del crédito pudo muy bien haber sido cedida a una tercera persona, cuyos derechos se perjudicarían cancelando totalmente la hipoteca. Sin embargo, el peticionario afirma que la escritura de partición de la herencia de Adolfo Rauschenplat y la escritura otorgada por Olimpia Rauschenplat traspasando dicho crédito a Bárbara Fernández demuestran ambas suficientemente el pago de los $300 del crédito con anterioridad al otorgamiento de la escritura de partición.

Estamos conformes en que de la nota del registrador en cuanto a la escritura de partición aparece que todo lo que quedaba de la escritura de hipoteca—$1,200—fué traspasado en dicho documento a Octavia Rauschenplat. La escritura de partición específicamente dice que se le adjudica a ella "dicho crédito hipotecario". Si el acreedor hipotecario hubiera anteriormente cedido a un tercero, $300 de este crédito, como alega el registrador que sea el caso posiblemente, la escritura de partición hubiera dicho más bien que se le adjudica a ella "el remanente del referido crédito". También tiene alguna significación que ninguna tercera persona se ha presentado a inscribir otra porción del crédito. Siendo claramente manifiesto el reconocimiento de los herederos del acreedor original en cuanto a que el crédito continuó en vigor solamente en la suma de $1,200, resolvemos que el registrador cometió error al negarse a cancelar el crédito en total por el pago de $1,200. Véase art. 82 de la Ley Hipotecaria (Art. 6766, Estatutos Revisados, Ed. 1911, pág. 1126) y *Héreter* v. *El Registrador de la Propiedad,* 18 D.P.R. 812.

*La nota del registrador será revocada, y se ordenará que inscriba la escritura de cancelación, eliminando la nota recurrida.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Travieso no intervinieron.